**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1524-20

ALONZO ALFORD,

     Plaintiff-Appellant,

v.

NEW JERSEY TRANSIT
RAIL OPERATIONS, INC.,

     Defendant-Respondent.

_____

Submitted January 27, 2022 – Decided February 7, 2022

Before Judges Alvarez and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0307-19.

Keller & Goggin, PC, attorneys for appellant (James M. Duckworth, on the brief).

Florio Perrucci Steinhardt Cappelli Tipton & Taylor, LLC, attorneys for respondent (Brian R. Tipton and Matthew P. Rocco, on the brief).

PER CURIAM

Plaintiff Alonzo Alford appeals from the Law Division's January 11, 2021 order granting summary judgment to defendant New Jersey Transit Rail Operations, Inc. and dismissing plaintiff's complaint for damages under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60. We reverse.

The facts are neither complicated nor in dispute. On January 20, 2016, plaintiff was working for defendant at Newark's Penn Station inspecting escalators. As his shift was nearing its end, plaintiff walked toward an escalator in order to inspect it. As plaintiff did so, he noticed a man in front of him who was swaying back and forth as he walked. Plaintiff smelled alcohol coming from the man. The man got on the escalator ahead of plaintiff and as the escalator stairs moved upwards, the man turned to face plaintiff, shouted "watch this," and then put both his legs on the handrail. Plaintiff told the man to stop, but he fell and kicked plaintiff in the leg. Plaintiff grabbed and held the man until they got to the top of the escalator. The man then walked away.

Plaintiff felt that his leg was injured but he did not report the injury until the next day because there was no supervisor present. Plaintiff testified at a deposition that defendant did not have any police assigned to provide security on the evening of his injury. Plaintiff also provided records showing that between January 1, 2014 and January 1, 2017, Transit Police responded to 932

complaint calls involving intoxicated persons at Penn Station. Plaintiff stated he saw intoxicated individuals at the station on almost a daily basis and reported these encounters to his supervisor on numerous occasions.

Plaintiff received treatment for a knee injury for approximately four years. On January 11, 2019, he filed a complaint against defendant under FELA. Among other things, plaintiff alleged defendant negligently failed to provide a safe place to work or sufficient security to prevent intoxicated people from injuring employees.

After some discovery, defendant filed a motion for summary judgment. On January 11, 2021, the trial court granted the motion and dismissed plaintiff's complaint with prejudice. In a short oral decision that did not include detailed findings of fact, the court stated it granted the motion because plaintiff did not show that defendant had "actual [or] constructive notice of the dangerous condition that was the responsibility of the defendant to alleviate." This appeal followed.

Plaintiff now argues that summary judgment was not warranted under FELA because he offered sufficient facts to present a jury issue on the question of whether defendant provided him with a safe and secure workplace. We agree.

3

In deciding motions for summary judgment, like the trial court, we review "the competent evidential materials submitted by the parties to identify whether there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law." Bhagat v. Bhagat, 217 N.J. 22, 38 (2014); R. 4:46-2. Summary judgment should be denied unless the moving party's right to judgment is so clear that there is no room for controversy. Akhtar v. JDN Props. at Florham Park, L.L.C., 439 N.J. Super. 391, 399 (App. Div. 2015). This means summary judgment should be granted only "when the evidence 'is so one-sided that one party must prevail as a matter of law.'" Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The court's function is not to weigh the evidence to determine the final outcome, but only to decide if a material dispute of fact exists. Suarez v. E. Int'l Coll., 428 N.J. Super. 10, 27 (App. Div. 2012). It is not the judge's role to assess credibility or determine the truth of the evidence, DeWees v. RCN Corp., 380 N.J. Super. 511, 522 (App. Div. 2005), or to examine whether the preponderance of the evidence weighs towards one side or the other. Mandel v. UBS/PaineWebber, Inc., 373 N.J. Super. 55, 71 (App. Div. 2004). A motion judge may not abrogate the jury's exclusive role as the finder of fact. Suarez,

4

428 N.J. Super. at 27. In addition, we owe no special deference to the motion judge's legal analysis. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018). Our review of an order granting summary judgment is de novo. Ibid.

Plaintiff brought this action under FELA, alleging that defendant negligently failed to provide a reasonably safe workplace and that this alleged negligence resulted in his injury. In pertinent part, FELA provides that "[e]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier . . . ." 45 U.S.C. §51. Thus, in a FELA case, the plaintiff must produce evidence, either direct or circumstantial, that justifies or supports an inference of employer negligence. Stevens v. N.J. Transit Rail Operations, 356 N.J. Super. 311, 318 (App. Div. 2003) (citing Rogers v. Missouri Pac. R.R. Co., 352 U.S. 500, 508 (1957)).

The FELA standard "is more liberal than generally provided by the common law of negligence . . . ." Ibid. A plaintiff may recover against a defendant under FELA where

> the proofs justify with reason the conclusion that employer negligence played any part, even the

slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, or grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities.

[Id. at 318-19.]

FELA requires every employer to exercise reasonable care to provide its employees with a safe work environment. However, reasonable foreseeability is a prerequisite to any claim. Hines v. Consol. Rail Corp., 926 F.2d 262, 268 (3d Cir. 1991). The employer's responsibility is measured by "what a reasonably prudent person would anticipate as resulting from a particular condition." Gallick v. Balt. & Ohio R.R. Co., 372 U.S. 108, 118 (1963). As our Supreme Court has observed, "[t]he question of whether a duty to exercise reasonable care to avoid the risk of harm to another exists is one of fairness and policy that implicates many factors." Carvalho v. Toll Bros. & Devs., 143 N.J. 565, 572 (1996).

6

Applying these standards, we are satisfied plaintiff's evidence was sufficient to present a jury issue. Therefore, defendant was not entitled to summary judgment.

Plaintiff presented uncontested evidence that defendant was aware intoxicated individuals frequented Penn Station. The Transit Police responded to over 900 complaints concerning this issue over a three-year period. Plaintiff testified he encountered intoxicated people on a near daily basis and reported these incidents to his supervisor on numerous occasions. Yet, on the night the intoxicated man injured plaintiff on the escalator, there were no police officers on duty and defendant did not establish that there were any other security measures in place to protect plaintiff. Because plaintiff marshaled sufficient evidence at this stage of the proceedings to permit a jury to conclude that defendant's negligence on the security front played a role, however slight, in his injury, the trial court should have denied defendant's motion for summary judgment.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1524-20